**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**William Jimmy ROLAND, Defendant-Appellant.**

**No. 71-1958
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Oct. 27, 1971.

* [1] Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

**1282**

John C. Tyler, Atlanta, Ga., for defendant-appellant.

John W. Stokes, Jr., U. S. Atty., Robert L. Smith, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Roland appeals from a conviction for violating 26 U.S.C.A. §§ 5601(a) (4), 5601(a) (1) and 5604(a) (1).[1] He maintains that the trial court erred in admitting evidence of his character and reputation. We affirm.

On several occasions over a three week period Roland was observed working around an illegal distillery by federal agents. He was apprehended at the site. One of the arresting agents testified that after giving Roland the *Miranda* warnings he remarked that he thought Roland had gotten out of the liquor business. Roland moved for a mistrial on the ground that the statement was a comment upon his character. The motion was denied.

As Roland points out, the prosecution may not offer evidence concerning a defendant's character or reputation during its case-in-chief. Michelson v. United States, 1948, 335 U.S. 469, 475, 69 S.Ct. 213, 93 L.Ed. 168. The remark, volunteered by the witness, however, was ambiguous. It did not mention any past crimes nor did it necessarily refer to any illegal activity. If, however, the statement did have an impermissible connotation, it is uncontradicted that three agents observed Roland working at the distillery intermittently over a period of three weeks and he was apprehended at the scene. An error that might be prejudicial in a close case does not require reversal when evidence of the defendant's guilt is strong. United States v. Lipscomb, 5 Cir. 1970, 435 F.2d 795, 803, cert. denied 401 U.S. 980, 91 S.Ct. 213, 28 L.Ed.2d 331; United States v. Panczko, 7 Cir. 1970, 429 F.2d 683, 688.

Considering the evidence as a whole, we are "sure that the error did not influence the jury." Kotteakos v. United States, 1946, 328 U.S. 750, 764, 66 S.Ct. 1239, 1248, 90 L.Ed. 1557. Fed.R.Crim. P. 52(a).

The judgment of the district court is Affirmed.

---

1. 26 U.S.C.A. § 5601

    (a) Offenses.—Any person who—
    (1) Unregistered stills.—has in his possession or custody, or under his control, any still or distilling apparatus set up which is not registered, as required by section 5179(a)

    \*    \*    \*    \*    \*

    (4) Failure or refusal of distiller or rectifier to give bond.—carries on the business of a distiller or rectifier without having given bond as required by law; \* \* \*

26 U.S.C.A. § 5604

    (a) General.—Any person who shall—
    (1) transport, possess, buy, sell, or transfer any distilled spirits, required to be stamped under the provisions of section 5205(a) (2), unless the immediate container thereof has affixed thereto a stamp as required by such section; \* \* \*