**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Jay HERRERA, Defendant-Appellant.**

**No. 71-2141**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Jan. 31, 1972.

New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

**158**

Joseph T. Garlovsky, Court appointed, Julius Lucius Echeles, Frederick F. Cohn, William E. Lasko, II, Chicago, Ill., for defendant-appellant.

Anthony J. P. Farris, U. S. Atty., Raul A. Gonzalez, Jack Provine, James R. Gough, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Herrera appeals from a judgment entered upon a jury conviction for knowingly importing, transporting, and concealing marihuana in violation of 21 U. S.C.A. § 176a. He asserts that the district court erred in admitting hearsay testimony, in its failure to require production of an informant or the disclosure of his identity, in the admission of evidence in violation of *Miranda,* and in the refusal of the court to interrogate each juror separately concerning the effect of newspaper publicity of the trial upon their consideration of the case. We affirm.

Customs agent Wilkins testified over objection that he was "approached by a prior reliable informant with the information that there was a man in Matamoros (Mexico) attempting . . to smuggle . . . approximately 150 pounds of marihuana into the United States." This testimony was not relied upon by the Government to establish the truth of what was said and the jury was so instructed. The trial court specifically limited the use of this evidence to showing why the customs agent took the action he did to obtain a physical identification of Herrera. In any event, assuming that this testimony is hearsay, the introduction of it was harmless. We are convinced that the judgment of the jury was not influenced by it because the Government's case was convincing independent of the hearsay. United States v. Frost, 5 Cir. 1970, 434 F.2d 607, 608. *See* United States v. Roland, 5 Cir. 1971, 449 F.2d 1281; United States v. Williamson, 5 Cir. 1971, 450 F.2d 585.

Herrera next complains that the denial of his request for production of the informant or for a disclosure of his identity deprived him of a fair trial. The informer was not a participant in the offense charged. When " 'all the evidence discloses is that the informer was an informer and nothing more,' the Government should not be required to identify the informer." United States v. Mendoza, 5 Cir. 1970, 433 F.2d 891, 894, *citing* Miller v. United States, 5 Cir. 1960, 273 F.2d 279, 281.

Herrera's insistence that each juror, out of the presence of the others, should have been interrogated about a newspaper article concerning the trial published during the trial, gives us little pause. There was no showing by Herrera that any juror had read the article in question and there was a negative re-

sponse by the jurors to the trial court's question on the subject. "[W]e refuse to see prejudice where none has been revealed." Brown v. United States, 5 Cir. 1968, 403 F.2d 489. *Cf.* Gordon v. United States, 5 Cir. 1971, 438 F.2d 858, 871.

We have considered the other errors asserted by Herrera and find them to be without merit.

Affirmed.