**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James Thomas CLARK, aka Mule,
Defendant-Appellant.**

**No. 73–1120
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

July 16, 1973.

Marvin S. Arrington, court-appointed, Atlanta, Ga., for defendant-appellant.

John W. Stokes, Jr., U. S. Atty., Eugene A. Medori, Jr., Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

AINSWORTH, Circuit Judge:

James Thomas Clark appeals from his conviction of unlawful distribution of .47 grams of heroin hydrochloride, in violation of 21 U.S.C. § 841(a)(1). The sole issue for our determination is whether the trial court erred in denying the defendant's request to disclose the identity of a confidential informer. We affirm.

Three witnesses testified on behalf of the Government. The first witness, an officer on assignment with the Office of

---

* Rule 18, 5 Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Drug Abuse Law Enforcement, testified that he received information from a confidential and reliable informant that he knew some "street-level" narcotics dealers operating in certain named areas of Atlanta, Georgia. Subsequently the witness, along with the informant, and a Special Agent of the Bureau of Narcotics and Dangerous Drugs (the Government's second witness to testify) drove to one of the designated areas where they met the defendant. The witness shortly thereafter purchased the heroin hydrochloride. The second witness to testify for the Government corroborated this testimony. The third witness, a chemist, identified the substance as heroin hydrochloride. The defense introduced no testimony. A request was made by defendant for disclosure of the identity of the informant, which was denied by the trial court.

◼ Appellant contends that under the principles announced in Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), the trial court committed reversible error in allowing the Government to withhold the identity of the informant. To further the public interest and effective law enforcement the Government has the privilege of withholding the identity of persons who furnish information of violations of law to officers charged with the enforcement of that law. Scher v. United States, 305 U.S. 251, 254, 59 S.Ct. 174, 176, 83 L.Ed. 151 (1938); Roviaro v. United States, *supra*, 353 U.S. at 59, 77 S.Ct. at 627. *Roviaro* however, recognizes that the privilege is not absolute and that there is no "fixed rule" with respect to disclosure:

"The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors."

353 U.S. at 62, 77 S.Ct. at 628. In *Roviaro* the conflicting interests were weighed and the right of the individual took precedence over the public interest under circumstances significantly different from those in the instant case. The critical factor in *Roviaro* which favored disclosure, not present here, is that the informer was not only an active participant but the sole participant other than the defendant in the crime charged, and was the only witness in a position to amplify or contradict testimony of the Government's witnesses. The Court considered the "fundamental requirements of fairness" and held that "[w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." 353 U.S. at 60, 61, 77 S.Ct. at 628.

◼ This is not the situation presented here. The informer did not participate in the purchase. He merely introduced the defendant to the Government agent who later made the purchase. We have held that where the evidence shows that an informer is nothing more than an informer and does not participate in the transaction, no disclosure of his identity is required. *See* United States v. Herrera, 5 Cir., 1972, 455 F.2d 157, 158; United States v. Mendoza, 5 Cir., 1970, 433 F.2d 891, 894; United States v. Tsoi Kwan Sang, 5 Cir., 1969, 416 F.2d 306, 309; United States v. Acosta, 5 Cir., 1969, 411 F.2d 627, 630; Miller v. United States, 5 Cir., 1960, 273 F.2d 279, 281.[1]

Affirmed.

1. We have also considered appellant's argument in light of Brady v. State of Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), cited as authority for the proposition that due process is violated by suppression of evidence favorable to the accused. We find nothing in the record to indicate that the informer possessed exculpatory information which would tend to benefit appellant or to bring this matter within the ambit of *Brady*.