UNITED STATES of America,
Plaintiff-Appellee,

v.

Matthew McGRUDER, a/k/a Red
McGruder, Artis Prestidge, and Matto
Trevino, a/k/a Matt Trevino, Defend-
ants-Appellants.

No. 74–3903.

United States Court of Appeals,
Fifth Circuit.

June 23, 1975.

Rehearing·Denied July 29,
Aug. 13, 22, 1975.

Roger Jeff Walker, Arlington, Tex. (court appointed) for Matthew McGruder.

John M. Anderson, Fort Worth, Tex., Charles L. Foster, Jr., Everman, Tex. (court appointed) for Matto Trevino.

Frank D. McCown, U. S. Atty., Alex H. McGlinchey, John W. Sweeney, Jr., Asst. U. S. Attys., Fort Worth, Tex., for plaintiff-appellee.

Before BROWN, Chief Judge, and GEWIN and THORNBERRY, Circuit Judges.

PER CURIAM:

Six defendants were convicted of conspiracy to distribute heroin[1] and/or attendant substantive offenses in furtherance thereof. Four were convicted by a jury; the two others entered guilty pleas. This appeal is brought by McGruder, Prestidge, and Matto ("Matt") Trevino, all of whom were convicted by the jury. McGruder was also found guilty of distributing approximately one ounce of heroin[2] to a federal agent, resulting in concurrent fifteen year sentences with three years of special parole. Prestidge, in addition to the conspiracy count, was found guilty on two counts of substantive distribution. Like McGruder, he received fifteen year concurrent sentences to be followed by three years of special parole. Matt Trevino, who was charged and convicted only for the conspiracy, was sentenced to a ten year term and three years of special parole. We affirm.

■ Of the numerous and overlapping assignments of error, only Matt Trevino's contentions regarding prejudicial joinder and denial of his motion for severance warrant full discussion. The indictment charged a total of twelve overt acts, only one of which implicated this appellant. The crucial proof in the government's case was supplied by undercover agent Eddie Brown, who had successfully infiltrated the conspiracy. Agent Brown testified, *inter alia,* that on or about July 3, 1974 he had reached a deal with McGruder for the purchase of heroin. When Brown arrived in Fort Worth to complete the transaction, McGruder and another conspirator, Jimmy Chandler,[3] directed him to Ralph's Paint and Body Shop to see Junior Trevino. A conference transpired between Agent Brown, Chandler, and Junior Trevino, whereupon Brown bought twenty-two grams of heroin from Junior Trevino for $900.[4]

Agent Brown testified that he met Matt Trevino for the first time on or about July 16, while looking for Junior at the paint and body shop. According to the agent, Matt stated that Junior was ill, but invited Brown to wait at the shop while Matt checked on Junior at home. Matt left in a car, was gone briefly, and upon his return stated that Junior would be along shortly. At that point, Agent Brown indicated that the delay was costing him money when he should be doing business. Brown testified that Matt then presumed, "Some of the same kind of business you took care of last time?" Brown responded affirmatively. Next, in reference to Junior— or so the jury was entitled to find—Matt said that "he [Junior] had two of them here and he wanted to get rid of them, and also he was going to get some good white in pretty soon . . .. Junior will take care of you and if he don't, man, let me know and I will take care of you."

The agent gave Matt a Dallas telephone number to pass to Junior if and when the latter arrived so that Junior could make contact. Early that afternoon, Agent Brown received a collect

---

1. A violation of 21 U.S.C. § 846.

2. A violation of 21 U.S.C. § 841(a)(1).

3. The jury found Chandler guilty of the conspiracy and five substantive counts. Sentenced to concurrent fifteen year terms with three years of special parole, Chandler did not appeal.

4. Junior pleaded guilty to one count of substantive distribution. He filed no appeal from his conviction and sentence of five years with three years of special parole.

call from Junior Trevino at the number. Junior said he had received the message. Another deal was negotiated, whereupon Brown went to Junior's house and purchased an ounce of heroin for $800.

Matt Trevino's assault on the denial of his prayer for severance is based on a theory of cumulative prejudice. He urges that the jury was led unfairly to its verdict by the following combination of factors: (a) the entire trial transcript consumes nearly 330 pages, whereas his involvement is contained in less than ten pages; (b) the absence of direct corroboration for Agent Brown's testimony; (c) "the cumulative backwash of all the heroin sales evidence heard by the jury"; and (d) the fact that the jury found each appellant guilty of each charge returned by the grand jury.

We reject the theory under these facts, for it completely overlooks the conversation between Matt and Agent Brown, as well as the circumstantial evidence of Matt's knowledge of and participation in the conspiracy. The jury could permissibly have found that but for Matt's transmittal of the telephone number left by the agent, the July 16 sale of heroin by Junior would not have occurred. Junior, of course, was tied to the illicit scheme by his participation in the transaction of July 3. Thus linked to the conspiracy, Matt Trevino bears a "heavy burden of showing prejudice when a severance is not granted." United States v. Wayman, 5 Cir. 1975, 510 F.2d 1020, 1024.

This burden has not been met, for, despite the massive sordid testimony and hypothetical guilt by innuendo, Matt concedes that the government did not attempt to cloud his involvement with illegitimate inferences from the evidence of the other defendants' heroin distribution activities. A severance is not available to defeat an otherwise proper joinder of defendants, see F.R.Crim.P. 8(b), merely to defuse the probative impact of evidence of one's own guilt. See Tillman v. United States, 5 Cir. 1969, 406 F.2d 930, 935. Nor does Matt assert that the joint trial operated to deprive him of the relevant and material testimony of any codefendant. See United States v. Iacovetti, 5 Cir. 1972, 466 F.2d 1147, 1153. Prestidge, the only appellant who took the stand, testified that he did not even know Matt Trevino prior to trial. Finally, Matt makes no contention that the district judge's instructions to the jury were not full and fair as to his role and the quantum of proof required to establish his guilt. As for Agent Brown's testimony, the law imposes no corroboration requirement. The question of the agent's credibility was resolved by the jury. In summary, no "clear likelihood of confusion on the part of the jury to his prejudice" has been demonstrated by Matt Trevino. See Gordon v. United States, 5 Cir. 1971, 438 F.2d 858, 878–79 and cases collected, cert. denied, 404 U.S. 828, 92 S.Ct. 139, 30 L.Ed.2d 56. The trial court did not abuse its discretion in denying severance.

We have carefully examined all other assignments of error. As the preceding discussion demonstrates, the evidence was sufficient against Matt Trevino so that the jury could find his participation inconsistent with every hypothesis of innocence, beyond a reasonable doubt. United States v. Moore, 5 Cir., 505 F.2d 620 (1974); see United States v. Warner, 5 Cir. 1971, 441 F.2d 821, 825, cert. denied, 404 U.S. 829, 92 S.Ct. 65, 30 L.Ed.2d 58. As to appellant Prestidge, though the evidence was again circumstantial, it was legally sufficient to convict on the conspiracy and substantive counts. The jury was entitled to draw reasonable inferences from coincidental appearances as regular as his. Cf. United States v. Gomez-Rojas, 5 Cir. 1975, 507 F.2d 1213, 1221–23; see also United States v. Owen, 5 Cir. 1974, 492 F.2d 1100, 1104. The evidence against appellant McGruder, the organization's kingpin, was overwhelming.

The appellants also complain, jointly and singularly, of other alleged errors. Those that concern the trial court's rulings in the admission of evidence and denial of a continuance to McGruder are meritless. No abuse of discretion or specific prejudice has been

demonstrated by any appellant. Nor was it error for the district judge to sustain the government's claim of privilege as to the identity of a confidential informant. The informant had bought none of the heroin; he had not participated in the negotiations; and he was only one of several witnesses to purchases made by Agent Brown. *See* United States v. Clark, 5 Cir. 1973, 482 F.2d 103, 104. All other claims of error have been considered and are rejected. The judgments of conviction are

Affirmed.