**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Johnny Paul WASHAM a/k/a Tommy**
**Nelson, Defendant-Appellant.**

No. 75–3719
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 26, 1976.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

J. Murray Akers, Greenville, Miss. (Court-appointed), for defendant-appellant.

H. M. Ray, U. S. Atty., Alfred E. Moreton, III, Asst. U. S. Atty., Oxford, Miss., for plaintiff-appellee.

Before GOLDBERG, GEE and TJOFLAT, Circuit Judges.

## PER CURIAM:

Johnny Paul Washam's appeal from a jury conviction for bail jumping under 18 U.S.C. § 3150, challenges the sufficiency of the evidence and the introduction at trial of a "mug shot" photograph of appellant and of prior criminal activities. We affirm.

After his arrest on charges of post office burglary and larceny, Washam was released from custody on August 6, 1974, after he executed a secured appearance bond and a Bail Reform Act form. The form provided that he not leave Mississippi and that he appear as notified by the court. On August 26, the court clerk mailed him notice to appear for arraignment before the district court in Greenville, Mississippi, at 9:00 a. m., Friday, August 30, 1974.[1] At approximately 8:00 a. m. on the 30th appellant called the clerk of the court from Memphis, Tennessee, stating that car trouble would probably prevent his timely arrival. But when Washam had neither appeared nor sent further notice by 2:00 p. m., the district court forfeited his bond[2] and issued a bench warrant for his arrest. Washam was finally apprehended in early 1975.[3] Appellant did not testify. The only evidence introduced by the defense was a Memphis-Greenville bus schedule showing that appellant had ample opportunity to leave Memphis on August 30 and arrive that same day.[4]

Appellant first objects to the prosecution's introduction of the bonding company's "wanted" poster, used after Washam failed to appear, which contained front and profile "mug shots" of appellant with the identification marks covered. But the poster was introduced to establish willfulness by showing the extensive efforts made to locate Washam. And it was not evidence of a prior crime. Unlike the defendant in *Barnes v. United States,* 124 U.S.App.D.C. 318, 365 F.2d 509 (1966), relied on by appellant, Washam was on trial for bail jumping, an offense that presupposes a prior arrest by police with concomitant booking, fingerprinting, and photographing. The jury knew from the indictment that appellant had been released on bail after being charged with burglary and larceny. No prejudice can result from seeing that which is already known. *United States ex rel. Stahl v. Henderson,* 472 F.2d 556 (5th Cir.), *cert. denied,* 411 U.S. 971, 93 S.Ct. 2166, 36 L.Ed.2d 694 (1973) (trying an accused in his prison garb is not prejudicial error where jury knew he was a prison inmate since he was accused of killing a fellow inmate).

1. Washam cannot claim lack of notice since he informed his bondsman on the 27th or 28th that his arraignment was set for the 30th.

2. Nor did Washam contact the bonding company, which, despite diligent efforts, could not locate Washam until authorities finally apprehended him early in 1975.

3. Appellant was constantly with his girlfriend from the time of his release on bail until November 1974. Appellant did not leave Memphis until September 1974, when he drove to Pennsylvania, Virginia, and Georgia. He returned to Memphis several times but never to Greenville.

4. To drive the 130 miles from Memphis to Greenville and arrive by 9:00 a. m., Washam should have left before 7:00. Upon discovering the car trouble, he still could have taken either a 7:45 or an 8:20 a. m. bus and reached Greenville before 1:30 that afternoon.

Appellant next objects that evidence of prior criminal activity is revealed by the testimony of the bonding company owner, who in explaining his efforts to locate Washam stated first that appellant had been incarcerated and then escaped several times and then that he finally learned that appellant was in jail. This argument is without merit. The first statement, that appellant may have been incarcerated several times, was stricken and the jury instructed to disregard it because of the witness' lack of personal knowledge. Thus, any error there was harmless. *See Russell v. United States,* 429 F.2d 237, 239 (5th Cir. 1970) (per curiam). The second statement was ambiguous since it probably did no more than suggest that appellant was finally apprehended for jumping bail. Washam can hardly claim prejudicial error based on that testimony, especially since evidence of his guilt is so strong. *See United States v. Roland,* 449 F.2d 1281 (5th Cir. 1971) (per curiam).

Appellant's last contention that there is insufficient evidence to support the verdict is groundless. He argues that the government has not proven that his failure to appear was willful. On the facts and circumstances recited above, this contention is frivolous. From them the jury could certainly have reasonably believed that appellant's failure to appear was not due to inadvertence or mistake, but was in fact willful and intentional.

Affirmed.