**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Tomas Lopez ALMENDAREZ,**
**Defendant-Appellant.**

**No. 76–1672**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

July 2, 1976.
Rehearing Denied July 23, 1976.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Ramon Garcia, Edinburg, Tex., for defendant-appellant.

Edward B. McDonough, Jr., U. S. Atty., Anna E. Stool, George A. Kelt, Jr., John Patrick Smith, James R. Gough, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

PER CURIAM:

Tomas Lopez Almendarez was convicted following a jury-waived trial of possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a). On appeal, he contends that the District Court erred (1) in refusing to require disclosure of the identity of the informant who provided the information which led to his arrest; (2) in holding that the Government had met its burden of establishing that the informant was credible and reliable under *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); and (3) in denying his motion for acquittal based on the alleged insufficiency of the evidence. We affirm the conviction.

On September 28, 1975, a Drug Enforcement Administration (DEA) agent received a call from a confidential informer advising him that a large truck with a red and white cab, high sideboards, and trumpet air horns mounted on the roof was being loaded with marijuana near the Rio Grande River in the vicinity of Fronton, Texas. Surveillance was set up covering the possible routes out of the loading area, and after several hours of waiting, a truck matching the informant's description appeared. The truck was stopped, approximately 3,065 pounds of marijuana were found, and the appellant, who was the driver and sole occupant of the truck, was arrested and advised of his rights.

Where, as here, an informant is merely a tipster and not an active participant in the offense charged, we have repeatedly held that the Government is not required to disclose his identity. *Bourbois v. United States,* 5 Cir., 1976, 530 F.2d 3; *United States v. Clark,* 5 Cir., 1973, 482 F.2d 103; *United States v. Herrera,* 5 Cir., 1972, 455 F.2d 157; *United States v. Mendoza,* 5 Cir., 1970, 433 F.2d 891, *cert. denied,* 401 U.S. 943, 91 S.Ct. 953, 28 L.Ed.2d 225 (1971). While the informant relayed information based upon personal observation, he did not participate in the offense, and the District Court properly denied appellant's motion seeking disclosure of his identity.

The informant in question had provided reliable, independently verifiable information on numerous prior occasions. Moreover, the information regarding the description of the truck was corroborated by independent observations of various DEA agents prior to the time the truck was stopped. *Aguilar's* requirement that the informant be credible and reliable was thus met. See *United States v. Squella-Avendano,* 5 Cir., 1971, 447 F.2d 575.

Finally, viewed in the light most favorable to the Government, *Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), the evidence adduced at trial to the effect that appellant was apprehended near the Mexican border in the middle of the night driving a truck containing over

3,000 pounds of marijuana was more than sufficient to support his conviction.

AFFIRMED.