UNITED STATES of America, Appellee,

v.

Luis Alicea ESTRELLA, Defendant, Appellant.

No. 76–1494.

United States Court of Appeals, First Circuit.

Submitted Sept. 29, 1977.

Decided Dec. 27, 1977.

Arthur D. Serota and Serota, Schuckman & Katz, Springfield, Mass., on brief, for defendant, appellant.

James N. Gabriel, U. S. Atty., and David P. Twomey, Asst. U. S. Atty., Boston, Mass., on brief, for appellee.

Before CAMPBELL, Circuit Judge, TUTTLE, Circuit Judge,* WOLLENBERG, District Judge.**

PER CURIAM.

Appellant Luis Alicea Estrella[1] was convicted in the district court of possession with intent to distribute and distribution of heroin. He raises three issues in seeking reversal, none of which we find persuasive: the non-disclosure of an informant's identity; an alleged variance in the crimes charged in the arrest warrant and the indictment; and the sufficiency of the evidence in regard to Alicea's possession of the narcotics.

The evidence at trial would permit a jury to believe that Alicea distributed drugs through two accomplices, Santiago and Anastasio Bonilla Rivera. On the morning of the day in question, Alicea and Bonilla went to Alicea's apartment in Springfield, Massachusetts, where they met Santiago, who told them that she had a quarter ounce heroin sale set for 1:00 p. m. Alicea and Bonilla then drove to Alicea's home in Westfield, Massachusetts where Alicea measured out four quarter-ounce heroin packets, which he handed to Bonilla, instructing him that each portion was to be sold for $450.00. At some undisclosed time, Bonilla conveyed the price to Santiago. Alicea and Bonilla then drove back to the Springfield apartment, where Alicea remained while Bonilla drove to the housing project where the sale was to occur. There Bonilla transferred one of the heroin packets to Santiago. Santiago got into a car driven by government agent Diaz, and told Diaz to follow a designated car, which was owned by Alicea and was being driven by Bonilla. As they drove, Santiago and officer Diaz exchanged the heroin and $450.00. Both cars stopped, and Santiago left the government car and got into the one driven by Bonilla, where she turned over the $450.00 to Bonilla. Bonilla returned with Santiago to the apartment, where he delivered $435.00 to Alicea, keeping $15.00 for himself.

We turn first to the issue of the informant's identity. During the trial, it was brought out that a government informant made the initial arrangements for the sale between Santiago and officer Diaz, and was, besides Santiago and Diaz, an eyewitness to the final transfer of heroin for cash, having been in Diaz's car at the time. Defense counsel asked a government agent to name the informant, but the court sustained the Government's objection to revealing his identity. The prosecutor represented that there was danger to the person of the informant if his identity were revealed, and Alicea's counsel did not thereafter pursue the matter. Alicea now argues that *Roviaro v. United States,* 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), mandated disclosure of the informant's identity on the ground his "possible testimony was highly relevant and might have been helpful to the defense." *Id.* at 63–64, 77 S.Ct. at 629.

In *Roviaro,* the Supreme Court, although recognizing "the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of the law," *id.* at 59, 77 S.Ct. at 627, ruled that the privilege was not absolute and must give way where fairness to the defendant required disclosure of the information sought to be protected. On the facts of that case, where the informant was the sole participant, other than the accused, in the transaction charged, failure to dis-

---

* Of the Fifth Circuit, sitting by designation.

** Of the Northern District of California, sitting by designation.

1. We refer to appellant throughout as "Alicea", although he was often referred to as "Estrella" in the transcript.

close constituted reversible error. The Court, however, refused to lay down hard and fast rules as to when the privilege must give way:

"We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors."

*Id.* at 62, 77 S.Ct. at 629. In subsequent cases the Court has emphasized the need to assess the particular circumstances of each case in determining the necessity of disclosure. *See McCray v. Illinois,* 386 U.S. 300, 311–14, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967); *Rugendorf v. United States,* 376 U.S. 528, 534–36, 84 S.Ct. 825, 11 L.Ed.2d 887 (1964).

■ In assessing whether an assertion of the privilege was proper in a given case, courts have emphasized that mere speculation as to the usefulness of the informant's testimony to the defendant is insufficient to justify disclosure of his identity. *United States v. Alvarez,* 472 F.2d 111, 113 (9th Cir.), *cert. denied,* 412 U.S. 921, 93 S.Ct. 2742, 37 L.Ed.2d 148 (1973); *United States v. Skeens,* 145 U.S.App.D.C. 404, 449 F.2d 1066, 1070 (1971). The defendant must indicate some concrete circumstances that might justify overcoming both the public interest in encouraging the flow of information, *see Roviaro, supra,* and the informant's private interest in his own safety. *See United States v. Picard,* 464 F.2d 215, 217 (1st Cir. 1972); *cf. McGrath v. Vinzant,* 528 F.2d 681 (1st Cir.), *cert. denied,* 426 U.S. 902, 96 S.Ct. 2221, 48 L.Ed.2d 827 (1976).

■ Alicea manifestly has failed to meet his burden here. The informant neither dealt directly with Alicea in any manner, *see United States v. Kelly,* 449 F.2d 329, 330 (9th Cir. 1971), nor was he a significant participant in the criminal events. *United*

*States v. McGruder,* 514 F.2d 1288, 1291 (5th Cir. 1975), *cert. denied,* 423 U.S. 1057, 96 S.Ct. 790, 46 L.Ed.2d 646 (1976). The informant witnessed only the final purchase of heroin by officer Diaz outside Alicea's presence. *Id.* The informant's potential as a witness was considerably less than that of the informant whose identity was protected in *United States v. Clark,* 482 F.2d 103 (5th Cir. 1975). Although the informant in *Clark* witnessed the sale of heroin by the defendant, it was held that inculpatory testimony of two other eyewitnesses obviated the need to produce him. Here, by contrast, the informant was only in a position to testify concerning the final exchange of heroin for money between Diaz and Santiago, events covered in their testimony and, to some degree, that of Bonilla as well as that of a government agent who was observing from a nearby car. Two other government agents who witnessed parts of this transaction might also have been called. The informant's contribution could at best be marginal, *see McCray v. Illinois, supra,* 386 U.S. at 313, 87 S.Ct. 1056, and there is no indication that his testimony would be other than cumulative of that offered by the Government's witnesses who were present. We find no abuse in the district court's ruling.

■ Appellant next complains of an alleged difference between the charges recited in the arrest warrant and those stated in the indictment, specifically that he was charged only with possession in the former and for possession and distribution in the latter. The alleged variance was raised initially in a pre-trial motion to dismiss and later at trial. At the pre-trial hearing, the Assistant United States Attorney represented that he had in front of him the commitment "which states that the defendant was arrested upon a complaint . . . that the defendant did knowingly and intentionally possess with intent to distribute and did distribute a quantity of heroin". Defense counsel did not present any evidence to the contrary, either then or later at trial. Alicea never sought to introduce certified copies of the arrest documents.

**1154**

While he did subpoena a government agent to testify, and to bring relevant documents with him, appellant did not comply with the required procedure for the disclosure of such information. *See* 28 C.F.R. §§ 16.21 *et seq.* The Government, however, did make this agent available, but the agent had no documents with him, nor any recollection as to the claimed variance. Assuming, *arguendo,* that evidence of this difference would be relevant and admissible, on this record there is no support for its existence and the burden of proving otherwise lies with the defendant. *See generally* 1 Wharton, Criminal Evidence § 19 (13th ed. C. Torcia 1972). He has failed to meet it.

Appellant's final contention, that there was insufficient evidence to support a finding of his possession, real or constructive, of the heroin, does not merit discussion.

*The judgment of the district court is affirmed.*