936 F.2d 567
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Timothy Norman ARMSTEAD, Defendant-Appellant.
 No. 90-5110.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 14, 1991.
Decided July 2, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern. Terrence W. Boyle, District Judge. (CR-90-26-4)
 Edwin C. Walker, Assistant Federal Public Defender, Raleigh, N.C., for appellant.
 Margaret Person Currin, United States Attorney, Jane H. Jolly, Assistant United States Attorney, Raleigh, N.C., for appellee.
 E.D.N.C.
 AFFIRMED.
 Before K.K. HALL, MURNAGHAN and WILKINSON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Timothy Armstead appeals his conviction of one count of distribution of cocaine base (crack) in contravention of 21 U.S.C. Sec. 841. The only issue he raises on appeal is whether the district court abused its discretion in refusing to compel disclosure of an informant's identity. Finding no error, we affirm.
 
 
 2
 * Eduardo Alford, an officer of the North Carolina State Bureau of Investigation (SBI), conducted an undercover operation in Kinston, North Carolina, in an area where drugs were prevalent. He brought an informant who was familiar with the people in the area along on the operation. Alford purchased small quantities of crack from two people before Armstead approached his car.
 
 
 3
 Armstead came to the passenger side of Alford's car, where the informant was seated, and offered to sell a large quantity of crack. Alford arranged that they would meet Armstead 20 minutes later. When Alford returned, Armstead sold him an eighth of an ounce (approximately 3.5 grams) of crack; Armstead asked $300 for the crack, but agreed to Alford's offer of $290. Armstead handed the crack to Alford, and Alford gave the money to Armstead. The informant told Alford that the seller's name was Timothy Armstead. Alford gave a description of Armstead in his investigation report. Armstead was arrested approximately one month later. Alford identified Armstead as the seller at trial.
 
 
 4
 Prior to trial, Armstead moved to compel the government to disclose the identity of the confidential informant. Armstead contended that the informant was an actual participant in the transaction. The government opposed the motion, stating that the informant was present during the transaction and introduced Alford to Armstead, but did not participate in the transaction.
 
 
 5
 In response to the government's opposition, Armstead cited an SBI report which stated that the informant identified Armstead to Alford. The report further stated:
 
 
 6
 SA Alford stated that the confidential informant asked Armstead if he was straight. SA Alford stated that Armstead told the confidential informant that he could get an eighth of an ounce. SA Alford stated that he told Armstead that he was going to make a run, to drop off the "Crack" he had just purchased and would return shortly. SA Alford stated that Armstead told him that he would be here and to look him up.
 
 
 7
 The government amended its opposition, contending that the safety of the informant would be at risk if his identity were to be revealed. The government asserted that "discovery of informants in the close-knit drug trafficking area in which this offense occurred has led to retaliation by drug dealers." The court denied the motion to compel disclosure of the informant's identity. Armstead contends on appeal that this ruling was an abuse of discretion.
 
 II
 
 8
 The government is not required to disclose the identity of tipsters. McLawhorn v. North Carolina, 484 F.2d 1 (4th Cir.1973). If the informant was a participant in criminal activity, however, the government may be compelled to disclose his identity. Roviaro v. United States, 353 U.S. 53 (1957).
 
 
 9
 The Roviaro Court set forth a number of factors to be used in determining whether disclosure is warranted. The factors which may be considered include the crime charged, the possible defenses, and the possible significance of the informant's testimony.* 353 U.S. at 62-64. The Court also stated that the defendant's interests must be weighed against those of society in determining the desirability of disclosure. 353 U.S. at 62. Other courts have elaborated on the Roviaro factors, holding that protection of the informant from retaliation is a factor weighing against disclosure. United States v. De Los Santos, 810 F.2d 1326 (5th Cir.) (government's interest in anonymity encompasses both safety of informant and informant's future usefulness as confidential source), cert. denied, 484 U.S. 978 (1987); Suarez v. United States, 582 F.2d 1007 (5th Cir.1978).
 
 
 10
 In United States v. Robinson, 530 F.2d 1076 (D.C.Cir.1976), the court held that absent a showing that the informant was present during the transaction, disclosure is not necessary. Similarly, disclosure is not required if the informant merely introduced the government agent to the defendant. United States v. Diaz, 655 F.2d 580 (5th Cir.1981), cert. denied, 455 U.S. 910 (1982); United States v. Estrella, 567 F.2d 1151 (1st Cir.1977) (prosecutor's representation that disclosure would endanger informant outweighed defendant's speculative claim that he needed informant's testimony); United States v. Russ, 362 F.2d 843 (2d Cir.), cert. denied, 385 U.S. 923 (1966).
 
 
 11
 However, if the informant has a greater role, disclosure is necessary. For example, in McLawhorn, the informant set up the drug sale, introduced the government agent to the defendant, was present during negotiations, took possession of the drugs, and paid a portion of the sale price. 484 F.2d at 3. In United States v. Price, 783 F.2d 1132 (4th Cir.1986), the government agent negotiated a sale of property with the defendant through the informant. The informant and the government agent did not see one another or speak to each other directly; the informant was a necessary party to the negotiations.
 
 
 12
 This Court recently addressed the situation where the informant was more than a tipster but not an integral participant in the criminal activity. In United States v. Brinkman, 739 F.2d 977 (4th Cir.1984), the informant introduced the defendant to the government agent and had two detailed conversations with the defendant about the actions he wished the government agent (who posed as a hit man) to take. However, the informant did not participate further in the criminal activity. The Court held that disclosure did not have to be compelled because the government's interest in maintaining the anonymity of the informant outweighed the defendant's need to know the informant's identity. 739 F.2d at 981.
 
 III
 
 13
 In this case, as in Brinkman, the informant falls between a mere tipster who provided the government with information and an actual participant in the crime. He introduced the undercover officer to the defendant, and the defendant offered to sell crack to the informant. However, the informant did not enter into the negotiations over price, did not pay for the drugs, and did not ever touch the drugs or the money. After he introduced Alford to Armstead and Armstead offered him drugs, the informant's participation was limited to sitting in the car while Alford consummated the deal with Armstead.
 
 
 14
 Further, while the informant's testimony could have been useful in Armstead's attempt to establish an error in identification, Armstead was able to cross-examine Alford to attempt to tarnish the validity of the identification. Therefore, the informant's identity would have been only marginally helpful to Armstead. On the other hand, the government's interest in protecting the anonymity of the informant was great, both because his safety may have been threatened and because he would no longer have been useful to the government as an informant if his identity were to be disclosed.
 
 
 15
 We find that the district court did not abuse its discretion in refusing to compel disclosure under these circumstances. Consequently, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid the decisional process.
 
 
 16
 AFFIRMED.
 
 
 
 *
 In Roviaro, the informant was the only participant in the drug sale other than the defendant himself; the informant was the only material witness known to the defendant who could testify to the events which took place between them. Therefore, the Court held, the informant's testimony was crucial to the defense, and the trial court committed reversible error in refusing to compel disclosure. 353 U.S. at 63-65