NESBITT, Judge.
By writ of common law certiorari, the state seeks review of a trial court’s order compelling a detective to answer deposition questions concerning the whereabouts of the physical location from which he made key observations of the defendants. The detective is an eyewitness against the defendants. He claims not only to have observed the defendants “casing” several automobiles, but from his vantage point at the window of the undisclosed residence he also claims to have overheard certain incriminating conversations between the defendants.
The defendants sought to learn the detective’s actual location during the surveillance. The state argued that the information sought by the defense was protected under the nondisclosure privilege accorded to confidential informants. We agree with the state’s position.
New Jersey, .California, Massachusetts, Pennsylvania, the District of Columbia Court of Appeals, and the United States Court of Appeals (D.C. Circuit) have all recognized the existence of the surveillance location privilege. See United States v. Green, 670 F.2d 1148 (D.C.Cir.1981); Hines v. Superior Court, 203 Cal.App.3d 1231, 251 Cal.Rptr. 28 (1988); Anderson v. United States, 607 A.2d 490 (D.C.1992); Commonwealth v. Lugo, 406 Mass. 565, 548 N.E.2d 1263 (1990); State v. Garcia, 131 N.J. 67, 618 A.2d 326 (1993); Commonwealth v. Jennings, 428 Pa.Super. 297, 630 A.2d 1257 (1993).
In the instant case, disclosure of the location, a private citizen’s home opened to the police in reliance on their promise that the owner’s identity would not be revealed, would be tantamount to disclosure of the identity of a confidential informant. As such, those rules and procedures established for determining whether the identity of a confidential informant should be ordered disclosed are applicable. Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623,1 L.Ed.2d 639 (1957), is controlling on the question of the government’s *208 privilege not to disclose the identity of a confidential informant. As stated in Rovia-ro, disclosure, vel non, is the product of “balancing the public interest in protecting the flow of information against the individual’s right to prepare his defense,” 353 U.S. at 62, 77 S.Ct. at 628-29. See State v. Carnegie, 472 So.2d 1329 (Fla. 2d DCA 1985); see also Pickel v. United States, 746 F.2d 176 (3d Cir.1984). Thus, in testing a defendant’s entitlement to the identity of a confidential informant, the defendant, consistent with Ro-viaro, must demonstrate “concrete circumstances” outweighing the public policy considerations underlying non-disclosure. United States v. Estrella, 567 F.2d 1151,1153 (1st Cir.1977). “[M]ere speculation as to the usefulness of the informant’s testimony to the defendant is insufficient to justify disclosure of his identity.” Id. at 1153; see also Rugendorf v. United States, 376 U.S. 528, 84 S.Ct. 825, 11 L.Ed.2d 887 (1964).
A defendant must allege facts and generally make an evidentiary showing in support thereof “concerning the informant’s involvement [in the charged offense] which, if true, would support the possibility of a specific asserted defense [to the crime charged].” State v. Zamora, 534 So.2d 864, 871 (Fla. 3d DCA 1988) citing State v. Acosta, 439 So.2d 1024, 1027, n. 2 (Fla. 3d DCA 1983). No such showing' was ever made below in the instant case.
In State v. Garcia, 618 A.2d at 326, the Supreme Court of New Jersey, considering this issue, likewise concluded that absent a showing of specific need, the state might withhold the location from which law enforcement officers conducted their surveillance of criminal activity.
Nor does this rule leave a defendant without vital information. As pointed out in Garcia,
[Defendant may always inquire about distance from which observation was made because that information closely relates to ability of witness to see what he or she claims to have seen. Second, a defendant may also ask if the witness used some vision enhancing article, e.g., binoculars or a telescope, because disclosure of that information bears substantially on witness’ ability to perceive "without sacrificing any public interest.
618 A.2d at 334.
Here, the matter of distance and whether or not any auditory enhancing instruments were used, will be fair questions for the defendant’s counsel to pose.
In sum, while there is an inference that the defense was that the statements the officer claimed to have overheard from the location defendant now seeks to have disclosed were never made, it is clear that the defense submitted no sworn proof whatever of such defense and was merely asserting the same as an unsupported defense theory which might be used in argument to the jury. This being so, the defendants were not entitled to disclosure of the location, on the off chance that observation from the location in dispute might possibly support such an otherwise unsupported defense theory. Defendants here have failed in the requirement that they show that there is some reason to believe the police officer is fabricating, misrepresenting, or obfuscating testimony, a necessary step in order to pierce the government’s privilege of non-disclosure.
Accordingly, we grant certiorari and quash the order under review.