301 So.2d 813 (1974)
Norman ENGLISH, Appellant,
v.
STATE of Florida, Appellee.
No. 74-181.
District Court of Appeal of Florida, Second District.
October 25, 1974.
Rehearing Denied November 7, 1974.
Philip J. Padovano of Ruiz & Padovano, St. Petersburg, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Judge.
The appellant, Norman English, was charged in a two-count information with possession and delivery of marijuana. During discovery the appellant learned that information leading to the purchase of marijuana by one, Detective Meinhardt, and the subsequent arrest came from a confidential informant, and that the same informant was present during the transaction which forms the basis of the crimes charged. The appellant filed a motion to compel disclosure of the identity of the confidential informant on the ground that her testimony was essential to his defense of entrapment. The motion was denied and the case proceeded to trial.
A trial by jury resulted in verdicts of guilty as charged on both counts. English was sentenced to a term of three years imprisonment with credit for time served. This timely appeal followed.
*814 It is well established in our jurisprudence that the state has a privilege of nondisclosure of a confidential informant's identity until an accused can show why an exception should be invoked. Treverrow v. State, Fla. 1967, 194 So.2d 250; Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957).
A review of the record clearly shows sufficient facts to justify the application of an exception. As stated above, appellant relied on the defense of entrapment. Our sister court in the case of Dupuy v. State, Fla.App.3d, 1962, 141 So.2d 825, held the defense of entrapment is available where the person charged with a criminal offense had no intention of committing it but for the inducement, enticement or investigation of an officer of the law.
The defendant, testifying in his own behalf, stated, in essence, that he was reluctant to sell the marijuana and that he had never previously sold the contraband. He further testified that the confidential informant, known to him only as Danielle, was present at all times pertinent and actively participated in the conversation which resulted in the sale of the marijuana by appellant to the undercover agent, Meinhardt. For aught appears the testimony of the confidential informant might very well have corroborated the appellant's contention that he was reluctant to make the sale and did so only after repeated request had been made upon him by the confidential informant and the undercover agent and that he sold the marijuana only to get rid of both of them.
Obviously, under said factual circumstances, the testimony of the confidential informant would have been very material to prove appellant's entrapment defense to the charge of delivery. Entrapment was not a defense to possession, so the error would not relate to that charge.
Lastly, both of the offenses charged arose out of the same episode. We cannot ascertain from the record whether appellant was sentenced on Count One, Count Two, or both. However, it is generally presumed that such a sentence attaches to the highest offense charged  in the instant case, delivery, as charged in the first count. Edmond v. State, Fla.App.2d, 1973, 280 So.2d 449, cert. den., Fla. 1973, 287 So.2d 690. Our decision to reverse the delivery count prohibits the judgment and sentence on Count One to stand. Accordingly, we remand to the trial court with directions to appropriately sentence appellant on Count Two, the possession charge.
Affirmed as to Count Two and remanded for proper sentencing on said count. Reversed and remanded for appropriate proceedings as to Count One.
McNULTY, C.J., and GRIMES, J., concur.