320 So.2d 420 (1975)
Yvonne SMITH, Appellant,
v.
STATE of Florida, Appellee.
Nos. 74-1366 to 74-1368.
District Court of Appeal of Florida, Second District.
October 15, 1975.
Rehearing Denied November 10, 1975.
*421 Crockett Farnell and John Richard Haggitt, Nixon & Farnell, Clearwater, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard G. Pippinger, Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Judge.
This is a timely appeal from a conviction after trial by jury for sale of heroin in violation of the Florida Comprehensive Drug Abuse Law. The trial court sentenced appellant to serve three years in the state penitentiary allowing credit for time served in jail awaiting trial. The jury recommended leniency.
The facts are that one Roosevelt Saffore, an informant for the Florida Department of Law Enforcement, was a close friend of appellant's family. In late July or early August, 1973, Saffore took appellant to St. Petersburg where he observed her make a purchase of narcotics. On several occasions after this incident, Saffore requested appellant to take him where he could buy some "stuff" for his "old lady." On August 15, 1973, Saffore, accompanied by appellant, drove to The Tree, a St. Petersburg bar. Saffore supplied $50 for the purchase of five packets of heroin from a man (there is a dispute on whether Saffore or appellant gave the money to the man). Appellant gave all the packets to Saffore. It appears the seller gave appellant an additional packet. On August 24, a *422 second uncontrolled buy was made, under similar circumstances to the August 15 incident. On this occasion appellant gave the money to the seller and Saffore gave her one packet for her habit. On September 7, 1973, a controlled buy was made (again, there is conflict in the testimony on which one of them gave the pusher the money). As on the prior buy, Saffore gave appellant one of the five packets. We are aware that it was several months later, in February, 1974, that appellant was arrested and charged in three separate informations with the sale of heroin on August 15, 24, and September 7, 1973.
The appellant took the witness stand and testified on her own behalf. On direct examination she admitted that she had been a drug addict in 1973. On cross-examination by the prosecutor, it was elicited that at the time she would do most anything for a hit or play, and that the buys involved herein could not have been made without her. In addition, there seems to be no doubt that appellant knew that on the occasion of each buy she would receive a portion of the narcotics purchased. There is no doubt that it was appellant, and not Saffore, who knew the identities of the three pushers and that she made the necessary arrangements for all of the buys.
The appellant contends that the trial court erred in not granting her motion for judgment of acquittal made at the conclusion of the state's case in chief and again at the conclusion of all the evidence. Appellant's motion for new trial was denied also. The points raised on appeal are identical to the grounds alleged in the said motion. The above rulings made by the trial court are correct. We affirm. Nevertheless, each point merits discussion which follows.
Point one assails the ruling of the trial court in failing to grant appellant's motion for judgment of acquittal made at the conclusion of the state's case. As we said, it was correct. It is well settled that at this juncture of the case all the facts presented and the reasonable inferences to be drawn from those facts are to be resolved in behalf of the state. See Lett v. State, Fla.App.2d, 1965, 174 So.2d 568; Byrd v. State, Fla. 1974, 297 So.2d 22, and Dancy v. State, Fla.App.3d, 1973, 284 So.2d 452. The evidence adduced in the state's case discloses that the appellant had the predisposition to commit the offenses with which she was charged. Her activities, as mentioned above, showed that she was a principal in procuring and delivering the narcotics. See the recent case decided by the Florida Supreme Court of State v. Dent, Fla. 1975, 322 So.2d 543, and Section 776.011, Florida Statutes, 1973.[1] Further, the issue of entrapment is a jury question, unless it is determined that the evidence is so clear and convincing that as a matter of law entrapment has been conclusively established. See State v. Rouse, Fla.App. 4th, 1970, 239 So.2d 79, and State v. Liptak, Fla. 1973, 277 So.2d 19. After reviewing all the evidence presented in the case, we feel that this issue should have been and was properly a jury question.
Appellant's second point attacks the trial court's failure to give her requested jury instruction on entrapment in its entirety. The requested instruction was:

Generally, the defense of entrapment is available to those who are instigated, induced or lured by officers or others to commit a crime which they otherwise had no intention to commit, but not to those with requisite criminal intent, who are merely furnished with the opportunity to commit crime by officers or others acting in good faith for the purpose of detecting and preventing such crime and the decency, good faith, fairness and justice *423 of the State's conduct must be considered and if you find the State supplies the contraband the receipt of which is illegal, the State cannot be permitted to punish the one receiving it. It is within your province to judge from the evidence whether there was an entrapment by the State either by inducement or governmental misconduct or whether the requisite criminal intent existed at the time and the officer merely carried out the transaction.
The instruction given by the trial court omitted the above italicized language from the requested instruction and substituted in its place the following:
... The law of entrapment is clear, it is available as a defense when an agent of law enforcement actually implants a criminal design in the mind of the defendant to commit a crime. However, where a person has a willingness and readiness to break the law, the mere fact that an agent of law enforcement provides what appears to be the favorable opportunity, is not entrapment... .
The trial judge was correct in altering the requested instruction for two reasons. First, the good faith of the government's agent was included in the instruction and; second, the evidence shows that the contraband on each occasion, as previously mentioned, was supplied by the seller and was not supplied by the government's agent, Saffore.
Appellant urges that Rouse, supra, is authority for support of her position that she is entitled to the entire requested instruction. We disagree. As we read the cited case it requires the jury to consider, in determining the availability of the defense of entrapment, the good faith of the government's agent, as well as the predisposition of the defendant  a two-pronged standard. The failure of the trial court to include in the instruction given the words "decency," "fairness" and "justice" does not, in our view, constitute reversible error. The jury was properly and fairly instructed on the law applicable to the defense of entrapment.
Appellant's point three relates to the trial court's refusal to allow appellant's roommate to testify as a defense witness. Her proffered testimony was to the effect, as stated by her counsel:
MR. FARNELL: ... Her testimony would corroborate testimony of the defendant that Roosevelt was around repeatedly, she would corroborate that it took place. I don't think other than that she could offer any probative testimony.
The proffered testimony obviously would add little to the defense of entrapment. There is ample evidence in the record by other witnesses that Saffore was around repeatedly. Under these circumstances the trial court's refusal to allow this witness to testify was discretionary and does not constitute reversible error.
The appellant was entitled to a fair trial  she was accorded one. Appellant failed to demonstrate reversible error or misapplication of law by the trial court and, accordingly, the judgments and sentences appealed are
Affirmed.
GRIMES, J., concurs.
McNULTY, C.J., dissents with opinion.
McNULTY, C.J., dissents with opinion.
I dissent. While I would agree with the majority that the charge relating to entrapment, as given, sufficiently and substantially correctly states the law, I am of the view that the gross participation of the state's undercover agent in the commission of the offenses herein was such that, as a matter of law, the requisite good faith efforts at detecting and preventing crime were negated. Indeed, when the agent gratuitously re-delivered to appellant, to *424 satisfy her own addiction, one of the five illegally purchased packets of heroin on each of two occasions, I dare say he himself was guilty of two independent offenses of unlawful delivery of heroin having nothing to do with, and being outside the scope of, any right he may otherwise have had to engage in undercover illicit activities. At that point he was no longer providing an opportunity for appellant to vent her predisposition to commit the offense then committed; he was clearly taking advantage of her addiction by "keeping her on the hook" for the commission of any given number of future offenses of like nature. He could effect her arrest then, and as it so happened, anywhere along the line he chose.
His actions were fatally reprehensible; and the majesty and honor of the law ought not be ravished by such indecency and overreaching. The state should not be permitted knowingly to rely upon such actions to its advantage. I would reverse and order discharge of appellant.
NOTES
[1] "Whoever commits any criminal offense against the state, whether felony or misdemeanor, or aids, abets, counsels, hires, or otherwise procures such offense to be committed, is a principal in the first degree... ." (Section 776.011, Florida Statutes, 1973).