354 So.2d 934 (1978)
Jean C. BEASLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 77-1509.
District Court of Appeal of Florida, Second District.
February 1, 1978.
*935 Jack O. Johnson, Public Defender, Bartow, and Douglas A. Wallace, Asst. Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Acting Chief Judge.
The primary issue in this appeal is whether the appellant made a showing sufficient to require the court to conduct an in camera proceeding to determine whether the state should be required to disclose the name and address of an alleged confidential informant.
The appellant was charged with two counts of sale of marijuana and two counts of felony possession of marijuana. The appellant filed a motion seeking an order compelling the state to disclose the name and address of a confidential informant. The motion alleged that the informant was present at and arranged for each sale, that appellant had no other way of knowing the name of the informant, and that the testimony of the informant was necessary to the appellant's theory of entrapment. The state would not stipulate to the facts alleged in the motion and no testimony was presented. The motion was denied, and the appellant later entered a nolo contendere plea, reserving the right to appeal the denial of the motion.
At the outset, we need not consider the issue as it relates to the two convictions for possession because entrapment is not a defense to possession. English v. State, 301 So.2d 813 (Fla. 2d DCA 1974). With respect to the two sale convictions, the allegations of fact in the motion were very similar to those in Munford v. State, 343 So.2d 67 (Fla. 2d DCA 1977), in which this court held that in response to a pretrial motion, the judge should have conducted an in camera hearing in order to decide whether the state would be required to disclose the identity of the confidential informant. However, this case differs from Munford in one significant particular. In that case, the state stipulated to the facts alleged in the motion, whereas here there was no such stipulation. We do not go so far as to hold that there must be a stipulation of facts or even the presentation of testimony, but we do feel that before the Munford requirement of an in camera hearing may be invoked, the defendant must at least swear to the facts upon which his motion is based. Otherwise, we can visualize the possibility that our criminal courts would be unduly burdened with conducting in camera proceedings in response to what could well be spurious allegations of fact. Since appellant's motion was unverified and there was no other proof of the pertinent facts, the court did not err in denying the motion without having held an in camera hearing.
As an ancillary point on appeal, we note that appellant correctly points out that the court imposed a single general sentence of probation for all four offenses contrary to the dictates of Darden v. State, 306 So.2d 581 (Fla. 2d DCA 1975).
The judgments are affirmed, but the case is remanded for the purpose of resentencing.
RYDER and DANAHY, JJ., concur.