356 So.2d 46 (1978)
Lawrence WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 77-1313.
District Court of Appeal of Florida, Second District.
March 10, 1978.
*47 Jack O. Johnson, Public Defender, David S. Bergdoll, Asst. Public Defender and Susan G. Sexton, Legal Intern, Bartow, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
RYDER, Judge.
Lawrence Williams appeals his conviction and sentence for sale of heroin, contending that the trial court improperly refused his request for a jury instruction on entrapment. We agree and reverse.
The State's evidence revealed that an undercover detective went to appellant's home and asked appellant if he could supply the undercover detective with a $100.00 "piece." Appellant replied, "No way, man." The detective pressed appellant further, however, with a request for purchase of ten "dime bags." The subject matter of each request, although understandably in the vernacular, referred to heroin. The undercover agent asked appellant to purchase the heroin for him three times before appellant acceded to the officer's entreaties. The officer testified that all through the period in which he made overtures to appellant, the officer was rubbing his arms and squirming, such conduct was represented as that which an addict might display as the effects of heroin wear off.
The undercover officer also related he promised appellant a portion of the heroin if he would buy the heroin and deliver same to the officer.
The appellant, thereafter, left his home, purchased heroin for the officer, returned home, kept one bag for himself, and returned some of the officer's money to the detective as he had not been able to buy as much heroin as requested.
After the close of the State's case, appellant took the stand and testified in his own behalf. He admitted purchasing the heroin for the officer. He admitted delivering the heroin to the officer and keeping a bag for himself. But, he contended he consented to make the purchase only because he was told, and from the officer's actions believed, the detective was sick and in need of a fix.
Thus, in admitting the commission of the act charged and as appellant was clearly proceeding on an entrapment theory of defense, the issue of whether he was, in reality, entrapped was a jury question. See Smith v. State, 320 So.2d 420 (Fla.2d DCA 1975), cert. denied, 334 So.2d 608 (Fla. 1976). A defendant is entitled to have the jury instructed on the law applicable to his theory of defense if there is any evidence introduced to support the instruction. Laythe v. State, 330 So.2d 113 (Fla.3d DCA 1976), cert. denied, 339 So.2d 1172 (Fla. 1976).
We hasten to note that we are fully aware of the problems confronting law enforcement agencies, especially in this area, and the reader should in no way interpret this opinion as holding that this officer's activity did, in fact, amount to entrapment. However, it does appear from the record that there is evidence to support appellant's defense of entrapment and therefore, it is a question for the jury to decide. Accordingly, appellant's conviction and sentence are reversed and the cause is remanded for a new trial.
We find no reversible error in any of the other points raised by appellant.
REVERSED and REMANDED.
BOARDMAN, C.J., and DANAHY, J., concur.