STARNES, HUGH E., Associate Judge.
Defendant was charged with sale and possession of marijuana, and found guilty by a jury of possession of marijuana with intent to sell. The trial court refused to give an entrapment instruction. Defendant appeals this refusal, after judgment of guilt and a sentence was rendered by the trial court.
After reviewing the testimony we are satisfied that the trial court did not abuse its discretion in refusing the entrapment instruction. No evidence was produced to show that the defendant was enticed to possess what he would not have possessed otherwise. Rather, the evidence shows that the police merely enticed him into possessing it in their presence, so that they would have direct evidence of possession of a controlled substance. This brings the case within the rule of Koptyra v. State, 172 So.2d 628 (Fla. 2nd DCA 1965).
The state relies on Beasley v. State, 354 So.2d 934 (Fla. 2nd DCA 1978), which states:
“At the outset, we need not consider the issue as it relates to the two convictions for possession because entrapment is not a defense to possession. English v. State, 301 So.2d 813 (Fla. 2d DCA 1974).”
After reviewing English v. State, we believe that the foregoing statement is too broad and that English states not that entrapment could never be a defense to possession of a controlled substance, but only that it was not a defense under the facts of that case. Thus, Koptyra is still the controlling case law on this subject.
Affirmed.
HOBSON, Acting C. J., and OTT, J., concur.