GLICKSTEIN, Judge.
This is a petition for review by certiorari of an order compelling the State to disclose the identity of a confidential informant. We grant the writ and quash the order.
An agent of the Organized Crime Bureau within the Palm Beach County Sheriff’s Department received a telephone tip from a confidential informant that respondent and Brian Marrón owned marijuana cached in a motor home parked near Marron’s residence. The agent located Marron’s address and, in the early afternoon of June 29,1981, drove with another agent to the two or three-acre parcel of rural property.
The agent who received the informer’s tip testified in his deposition that he and the other agent searched the residence after Mrs. Marrón had consented and informed them that respondent was'staying in one of the rooms. Afterwards the agents proceeded to the motor home, which was parked on the premises. Therefrom emanated the odor of marijuana and, through a window screen, the deponent agent touched what felt “like a bale of marijuana.” They could not search the motor home at the time, however, because Mrs. Marrón told them respondent, not she, owned the vehicle; as the deponent agent surmised, she lacked authority to consent to its search.
By this time, the agents had become aware of a utility trailer adjacent to the motor home that exuded a strong odor of marijuana. Thus, it also was included in the warrant issued that afternoon, which resulted in the search of both vehicles. As anticipated, they yielded marijuana, prompting the agents’ decision to remove the vehicles from the premises. While the agents were attempting to do this, respondent arrived at the scene in a car. The deponent agent arrested and searched respondent and found the keys to the motor home in his possession.
Respondent was charged with trafficking in marijuana in excess of 2,000 pounds but less than 10,000 pounds. Simultaneously he filed (1) a notice of alibi, contending he had been in the Netherlands Antilles for a month and did not return to this country until June 25, 1981, four days before the search, and (2) a motion for disclosure of the confidential informant on the ground *47 that the tipster had information tending to prove respondent’s innocence, i.e., that the marijuana was placed in the motor home while respondent was out of the country and that the informant “might know” who placed the marijuana inside the vehicle.
Subsequent to filing these motions, the deposition of the agent to defense counsel disclosed whatever information was made known to him by the confidential informant:
Q. What did he tell you when he talked to you?
A. He told me that he knew a motor home was parked in front of or on the property of Bryan [sic] Marron’s residence that was loaded with marijuana.
Q. Was this on the phone?
A. Yes, sir.
Q. Go ahead.
A. He also told me it was owned by Marrón and Thennes, the marijuana that is. He gave me an area for the house, but not a specific address.
Q. How many conversations did you have with him?
A. Probably it was two or three.
Q. Did he tell you when the marijuana was put there?
A. He told me it had been there for about a month and that Marrón and Then-nes were unable to move it, that the market was down, some reason — they couldn’t move it for some reason and they were just holding on to it.
Q. Okay. Did he say how long that he had known it had been there?
A. No. The only thing he told me was that he knew — as far as he knew it had been there at least a month.
Q. It could have been there longer?
A. Yes, sir.
Q. He didn’t relate to you?
A. No. He didn’t know for a fact how long it had been there.
Q. Did he say how he knew — did he say whether or not he knew the individuals that were at that address?
A. I think. Well, I don’t recall whether he said that or not. It’s my impression that he did know them. As I say, that is only an impression.
Nothing in the deposition indicates the confidential informant knew who put the marijuana in the motor home or if such a person was someone other than respondent. Nevertheless, the trial court expressed that if the confidential informant knew of such a person, respondent was entitled to establish that fact by calling the tipster as a witness. But, for the trial court to have ordered the State to disclose the identity of such an effective tipster so that respondent could investigate what he “might know,” we believe was unsupported.
Generally, the rule regarding confidential informants precludes disclosure of their identities:
The State is privileged to withhold, notwithstanding its relevance, the identity of persons who furnish information or otherwise aid officers in matters relating to violations of law, and such privilege is founded upon public policy and in furtherance of the public interest. State v. Hardy, Fla.App.1959, 114 So.2d 344; Garcia v. State, Fla.App.1959, 110 So.2d 709; Harrington v. State, Fla.App.1959, 110 So.2d 495; Ferrara v. State, Fla.1958, 101 So.2d 797.
Pearson v. State, 221 So.2d 760, 762 (Fla. 2d DCA 1969). We believe public policy and public interest, the justifications for this rule, should not be overlooked.
In South Florida a deadly game is being played: its aim is profit; its instruments are illegal drugs; and its players are bandits whose corpses fill canals, residences and automobile trunks. The public’s uniformed and non-uniformed officers are paid to try to stop this mayhem. Its other soldiers are tipsters like the confidential informant with a proven record who gave the agent in this case such an effective lead. The public— the raison d’etre for the rule — in this case is being asked to trade the identity of that soldier for allegedly assuring respondent due process. When applicable, this is a fair *48 trade, a well-recognized exception to the rule.
In Roviaro v. United States, 353 U.S. 53, 60-62, 77 S.Ct. 623, 627-628, 1 L.Ed.2d 639 (1957), the Supreme Court expounded upon the exception:
A further limitation on the applicability of the [Government’s] privilege arises from the fundamental requirements of fairness. Where the disclosure of an informer’s identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way. In these situations the trial court may require disclosure and, if the Government withholds the information, dismiss the action.

We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual’s right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer’s testimony, and other relevant factors.
(Footnotes omitted.) The burden of establishing ■ this exception, however, falls squarely on the respondent:
A motion for disclosure of the identity of a confidential informant, for the purpose of finding what he knows or what he can testify regarding the transaction, cannot prevail against the well founded policy for nondisclosure. If the defendant has, or proposes to present a defense for the establishment of which it can be shown or reasonably concluded that the informant’s testimony will be of essential relevancy and materiality, so as to justify or require disclosure in face of the policy against it, the burden is on the defendant to make that appear, by his motion for disclosure or otherwise in the evidence.
Doe v. State, 262 So.2d 11, 13 (Fla. 3d DCA 1972); State v. Matney, 236 So.2d 166 (Fla. 1st DCA 1970).
Placing the foregoing in perspective, the State had a right to object to the order of irrevocable disclosure for the sole purpose of determining whether the tipster could shed light on who placed the marijuana in the motor home. The public should not be required to disclose the identity of a needed, effective soldier when he may not have the desired information.
Nevertheless, it is just as much in the interest of the State as of respondent to know if the person who placed the marijuana in the motor home was someone other than respondent and not charged. If so, another bandit will have been ferreted out and the public will have benefitted. While neither this court nor the trial court can tell the State what it must investigate, it does seem logical and fair that if circumstances warrant, a trial court properly could impose conditions upon non-disclosure of an informant’s identity. Accordingly, while we grant the writ and vacate the order, we suggest the trial court explore on motion other alternatives. These may involve compelling the State to seek to make inquiry of the informant as to his knowledge of the specific question raised by respondent and to disclose to him the results thereof, bearing in mind the necessity for appropriate additional orders disclosure of the results or other considerations may require. We emphasize that if due process can be afforded respondent simultaneously with non-disclosure of an informant’s identity, reconciliation of both goals should be sought. Due process cannot be discarded, but neither should the identity of the public’s soldiers not in uniform. It should be borne in mind that justice can evolve only if fashioned with creativity and imagination for the common good.
LETTS, C.J., and HERSEY, J., concur.