429 So.2d 850 (1983)
Samuel MINGLE and Harry Vanhorne, Petitioners,
v.
STATE of Florida, Respondent.
No. 82-1915.
District Court of Appeal of Florida, Fourth District.
April 20, 1983.
Jon H. Gutmacher, Fort Lauderdale, for petitioner, Mingle.
Pamela M. Burdick, Asst. Public Defender, Fort Lauderdale, for petitioner, VanHorne.
Jim Smith, Atty. Gen., Tallahassee, and Marlyn J. Altman, Asst. Atty. Gen., West Palm Beach, for respondent.
PER CURIAM.
We deny the petition on the threshold finding that certiorari is inappropriate because *851 the defendant has a full, adequate and complete remedy on plenary appeal. See Chalfonte Development Corp. v. Beaudoin, 370 So.2d 58 (Fla. 4th DCA 1979); Lynch v. City of Deerfield Beach, 369 So.2d 1042 (Fla. 4th DCA 1979); Santini Brothers, Inc. v. Grover, 338 So.2d 79 (Fla. 4th DCA 1976).
HURLEY and DELL, JJ., concur.
GLICKSTEIN, J., specially concurs with opinion.
GLICKSTEIN, Judge, specially concurring:
Petitioners were charged with trafficking in cannabis and criminal conspiracy. Both filed motions to compel disclosure of the name of a confidential informant.[1] The trial court conducted an in camera hearing[2] and thereafter recited on the record that it found the non-disclosure of the informant's identity would neither hamper nor benefit petitioners' defenses. A subsequent order denying the motions to compel was entered which precipitated the filing of the present petition for writ of certiorari.
First, the state has not questioned the propriety of certiorari to review denial of such motions, notwithstanding the availability to petitioners of plenary appeal in the event of conviction.[3]
Second, there is no question that an in camera hearing was the appropriate vehicle for consideration of petitioners' motions. Both petitioners were relying upon the defense of entrapment; and their motions contained lengthy allegations of fact on which they relied. As stated in United States v. Freund, 525 F.2d 873, 877 (5th Cir.), cert. denied, 426 U.S. 923, 96 S.Ct. 2631, 49 L.Ed.2d 377 (1976):
In Alderman v. United States, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969), the United States Supreme Court indicated that the in camera procedure was an acceptable device to aid the trial court in its application of the Roviaro test.[4]
[4] "In both the volume of the material to be examined and the complexity and difficulty of the judgments involved, cases involving electronic surveillance will probably differ markedly from those situations in the criminal law where in camera procedures have been found acceptable to some extent... Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957) (disclosure of informant's identity)... ." 392 U.S. at 182 n. 14, 89 S.Ct. at 971 n. 14.
See also State v. Williams, 369 So.2d 416 (Fla. 3d DCA 1979).
Third, a review of the sealed record of the in camera hearing establishes that the trial court properly made its decision only after consideration of Rowell v. State, 382 So.2d 886, 887 (Fla. 1st DCA 1980):
The basic factors to be considered by the trial court in reviewing when the identity of the confidential informant should be revealed include, but are not limited to, whether the prosecutor must refer to the informer in the presentation of the case, whether the informer was an active participant in the offense charged or whether he simply supplies a lead, whether the accused admits or does not deny guilt, and whether there is independent evidence of the accused's guilt. Treverrow v. State, 194 So.2d 250 (Fla. 1967).
Fourth, the manner in which the trial court conducted the hearing, did not violate petitioners' constitutional rights. In United States v. Fischer, 531 F.2d 783, 788 (5th Cir.1976), the court said:

*852 Under the circumstances, we feel that an in camera hearing will best accommodate the competing governmental and individual interests in this case. See United States v. Doe, 525 F.2d 878 (5th Cir. 1976); United States v. Freund, 525 F.2d 873 (5th Cir.1976). Upon remand, the district judge should question the informer in camera to ascertain whether his testimony might be helpful to the defendants. The informer and government counsel should also be questioned concerning the interests which the government may have in resisting disclosure and production. The record shall then be supplemented with an order which applies the Roviaro balancing test to the facts of this case. See Freund, supra, at 878.
In this case the trial court had before it simultaneously the confidential informant, prosecutor, and two detectives who made the arrest. Further, while it was not obligated by precedent to do so, the trial court permitted defense counsel to submit to it written questions which it then asked of the sworn informant. The absence of defense counsel from such in camera hearings has been held not to be violative of the Sixth Amendment. See United States v. Doe, 525 F.2d 878, 880 (5th Cir.), cert. denied, 425 U.S. 976, 96 S.Ct. 2179, 48 L.Ed.2d 801 (1976).
Notwithstanding this conclusion, the presence of the police officers colored the appearance of the proceedings. Their depositions were available, as were they for questioning after being sequestered. While their presence during the questioning of the informant did no harm in this case, I urge that such not be permitted in the future. I further suggest, if feasible, that it is preferable that any questions of the prosecutor in such hearings be asked outside of the presence of the informant so that the informant and the prosecutor are respectively alone with the trial judge and the court reporter. The aim is complete objectivity, free of adversarial influence. With these comments, I find there was no material departure from the essential requirements of law; therefore, I also deny the petition.
NOTES
[1] Florida Rule of Criminal Procedure 3.220(c)(2) provides:

Informants. Disclosure of a confidential informant shall not be required unless the confidential informant is to be produced at a hearing or trial, or a failure to disclose his identity will infringe the constitutional rights of the accused.
[2] The necessity for a sworn motion to invoke the necessity for same was discussed in Beasley v. State, 354 So.2d 934 (Fla. 2d DCA 1978), and Riggins v. State, 374 So.2d 1126 (Fla. 1st DCA 1979). In the instant case, the motions were supported by affidavits.
[3] We have entertained such petition by the state when it has been ordered to disclose the identity of a confidential informant. See State v. Thennes, 422 So.2d 46 (Fla. 4th DCA 1982), in which we discuss the balancing test in Roviaro, infra.