SCHOONOVER, Judge.
The appellant, John J. McGoff, has appealed a judgment adjudicating him guilty *322 of first degree murder and a sentence of life imprisonment. Due to a change in decisional law since the appellant’s trial, we must reverse-and remand for a new trial.
On December 8, 1981, appellant was charged with the first degree murder of Dr. Juan Ocana. Prior to trial appellant filed a notice of intention to rely on the defense of insanity, the only defense asserted during trial.
The trial court, relying on this court’s decision in Greenfield v. State, 337 So.2d 1021 (Fla. 2d DCA 1976), ruled that if sufficient evidence was presented to raise a reasonable doubt as to the appellant’s sanity, the burden of establishing sanity beyond a reasonable doubt would shift to the state. Moreover, the state could then submit evidence relating to the appellant’s insistence on his right to remain silent after being given his Miranda rights (Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)). Pursuant to the trial court’s ruling, evidence was introduced that after the appellant was arrested and read his Miranda rights, he stated he did not want to say anything and requested an attorney. Thereafter, the appellant was found guilty and upon entry of the judgment and sentence, he filed this timely appeal.
At the time of trial, the trial court’s ruling was in accordance with existing precedent. Greenfield. However, de-cisional law in effect at the time an appeal is decided governs the disposition of the case. Lowe v. Price, 437 So.2d 142 (Fla.1983); Wheeler v. State, 344 So.2d 244 (Fla.1977), cert. denied, 440 U.S. 924, 99 S.Ct. 1254, 59 L.Ed.2d 478 (1979). After the appellant’s trial, and during the penden-cy of this appeal, the Florida Supreme Court in State v. Burwick, 442 So.2d 944 (Fla.1983), disapproved^ of this court’s holding in Greenfield. ln Burwick, the court held that silence in the face of an accusation of a crime is an enigma and should not be determinative of oné’s mental condition just as it is not determinative of one’s guilt. The court stated it is fundamentally unfair for the state to lure an accused into remaining silent and then impeach him with this very same silence. To allow the state to benefit from the fruits of its deception would violate the due process clause of the fourteenth amendment and article I, section 9 of the Florida Constitution.
Accordingly, the court held that even if the only defense raised is insanity, evidence of a defendant’s post-arrest, post-Miranda silence, and request for an attorney, is not admissible to establish his mental condition near the time of the offense.
Therefore, because Burwick effectively overrules Greenfield, we must reverse and remand for new trial.
REVERSED and REMANDED.
OTT, C.J., and LEHAN, J., concur.