472 So.2d 1329 (1985)
STATE of Florida, Petitioner,
v.
Donald CARNEGIE, a/k/a Don Brown, Respondent.
No. 85-1282.
District Court of Appeal of Florida, Second District.
July 23, 1985.
Jim Smith, Atty. Gen., Tallahassee, and James H. Dysart, Asst. Atty. Gen., Tampa, for petitioner.
Judge C. Luckey, Jr., Public Defender, Thirteenth Judicial Circuit, and Mark J. Albrechta, Asst. Public Defender, Tampa, for respondent.
FRANK, Judge.
The State has petitioned for a writ of certiorari contending that the trial court departed from the essential requirements of law by entering an order requiring it to disclose the identity of a confidential informant. We grant the petition and quash the order.
The respondent, Carnegie, was charged in a two count information with the delivery of cocaine and heroin. Following the conduct of an evidentiary hearing at which the arguments of counsel were heard, the trial court granted Carnegie's motion to compel the disclosure of a confidential informant. The record developed at the hearing reveals that a detective with the aid and in the presence of an informant met on two occasions with Carnegie for the purpose of procuring contraband drugs from him. The presence of the informant at the two meetings is the only fact appearing in the transcript of the hearing which the trial court deemed significant.
Rule 3.220(c)(2) of the Florida Rules of Criminal Procedure bars disclosure of the identity of a confidential informant except in two circumstances, i.e. if the informant is to be produced at a hearing or trial, or the failure to disclose identity infringes upon the constitutional rights of the accused. We deal with each of the exceptions in turn.
It is manifest from the representation, expressed by the prosecutor at the hearing, that the state does not intend and, hence, it *1330 is foreclosed from, calling the informant as one of its witnesses: "The State does not at this time nor will it at any time ... call the confidential informant as a witness. At any motion or at any trial on (sic) the matter." In light of the foregoing, the first exception is unavailable to Carnegie.
In reaching its determination to compel disclosure, the trial court appears to have perceived Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), as a mandate for that result in the circumstance where the confidential informant is present during the criminal activity. Roviaro does not stand for that view. See McCray v. State of Illinois, 386 U.S. 300, 311, 87 S.Ct. 1056, 1062, 18 L.Ed.2d 62 (1967). Indeed, the Supreme Court's opinion leaves no doubt "that no fixed rule with respect to disclosure is justifiable." Id. at 353 U.S. 62, 77 S.Ct. 628. Rather, disclosure, vel non, is the product of "balancing the public interest in protecting the flow of information against the individual's right to prepare his defense." Id.; See also Pickel v. United States, 746 F.2d 176 (3d Cir.1984). Thus, in testing a defendant's entitlement to the identity of a confidential informant, the defendant, consistent with Roviaro, must demonstrate "concrete circumstances" outweighing the public policy considerations underlying non-disclosure. United States v. Estrella, 567 F.2d 1151, 1153 (1st Cir.1977). "[M]ere speculation as to the usefulness of the informant's testimony to the defendant is insufficient to justify disclosure of his identity." Id. at 1153; see also, Rugendorf v. United States, 376 U.S. 528, 84 S.Ct. 825, 11 L.Ed.2d 887 (1964).
In the matter at hand, neither the grounds asserted in Carnegie's motion nor the reasons offered by his attorney at the hearing have their origin in "concrete circumstances" demanding revelation of the informant's identity. The conclusory contention set forth in Carnegie's motion that non-disclosure of the informant's identity "would directly affect the Defendant's opportunity to establish possible defenses," is wholly inadequate in overcoming preservation of the state's privilege. State v. Montalvo, 428 So.2d 695 (Fla. 2d DCA 1983). The most that can be extracted from the hearing transcript is that the informant was present at two "buys" and he was merely asserted to be "an essential witness." Here, unlike that which occurred in Roviaro, at no pertinent time was Carnegie alone with the informant; on each occasion the detective was present. Thus, it cannot be said that the informant was the sole material witness to the events without whose testimony Carnegie would be denied the right to examine his accuser. Carnegie's unembellished contentions are insufficient to satisfy his burden.
This court's decisions in Smith v. State, 318 So.2d 506 (Fla. 2d DCA 1975), and English v. State, 301 So.2d 813 (Fla. 2d DCA 1974), are not incompatible with our resolution of this matter. The record in Smith disclosed that without the informant's identity, the defendant would have been precluded from attempting to prove that he was a bystander not involved in the criminal conduct. Here, however, the record will not support an identifiable, particular impairment of Carnegie's defense as a result of non-disclosure. Carnegie has failed in his burden of explicating a basis for the assertion that the informant is an "essential witness" to the crime for which Carnegie is being prosecuted. Smith at 508.
Finally, in English, the defendant raised the defense of entrapment and contended that disclosure of the identity of the confidential informant was critical to his defense. It was evident in English that the defense was dependent upon ascertaining the identity of the informant; for without the informant's identity the defendant would have been without means to develop the events leading up to and associated with the commission of the crime, elements which are essential to the defense of entrapment. Neither entrapment, nor for that matter any other specific defense, was urged upon the trial court in aid of Carnegie's claimed right to the informant's identity. The conjectural quality of Carnegie's *1331 reasons stated in his motion and at the hearing will not sustain the challenged order.
Accordingly, we grant the petition and remand this matter to the trial court with direction that its order compelling disclosure of the informant's identity be vacated.
GRIMES, A.C.J., and OTT, J., concur.