NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

KENNETH DEWAYNE HILL,           )
                                )
          Appellant,            )
                                )
v.                              )      Case No. 2D14-2960
                                )
STATE OF FLORIDA,               )
                                )
          Appellee.             )
_____ )

Opinion filed March 9, 2016.

Appeal from the Circuit Court for
Hillsborough County; Caroline J.
Tesche and Wayne Timmerman,
Judges.

Howard L. Dimmig, II, Public Defender,
and Robert D. Rosen, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Susan M. Shanahan,
Assistant Attorney General, Tampa,
for Appellee.


NORTHCUTT, Judge.

          Kenneth Hill was convicted of purchasing cocaine, a lesser-included

offense of trafficking.  He argues that the trial court erred in denying his motion to

disclose the identity of a confidential informant who set up the drug deal. We agree and reverse.

Prior to trial, Hill filed a sworn motion for the disclosure of the confidential informant's identity. In the motion, he stated that he knew the CI, that he and the CI had previously sold legitimate property together, and that the CI had induced and implored him to purchase cocaine. But for the CI's repeated requests and urgings, he said, he would not have purchased the cocaine. Although there was an audio recording of the drug purchase itself, the previous calls between Hill and the CI were not recorded or monitored.

"[T]he state has a privilege of nondisclosure of a confidential informant's identity until an accused can show why an exception should be invoked." English v. State, 301 So. 2d 813, 814 (Fla. 2d DCA 1974). A CI's role in an entrapment defense constitutes such an exception. Id. A subjective entrapment defense requires a preliminary showing by the defendant that he or she was induced by a government agent to commit the crime and that the defendant was not predisposed to do so. Munoz v. State, 629 So. 2d 90, 99 (Fla. 1993) (addressing statutory entrapment defense under § 777.201, Fla. Stat. (1987)).

Here, Hill signed his motion under penalty of perjury and alleged a possible entrapment defense. See Bailey v. State, 994 So. 2d 1256, 1258 (Fla. 2d DCA 2008) (stating that a defendant is not required to allege all of the elements of an entrapment defense; "[a] motion is sufficient to invoke an in-camera hearing if the defense is possible in light of the facts alleged"); cf. Beasley v. State, 354 So. 2d 934, 935 (Fla. 2d DCA 1978) (holding that in-camera hearing was not required when

- 2 -

defendant failed to either swear to factual basis in motion for disclosure or present proof in support).  The motion asserted that Hill was repeatedly contacted and induced by the CI.  The detective testified that he had worked with the CI often and worked with him on this case.  Thus, the CI was acting as a government agent.  See § 777.201(1), Fla. Stat. (2010) (defining entrapment, in part, as inducement or encouragement in the commission of a crime by a "law enforcement officer, a person engaged in cooperation with a law enforcement officer, or a person acting as an agent of a law enforcement officer"); Jimenez v. State, 993 So. 2d 553, 555-56 (Fla. 2d DCA 2008) (reversing summary denial of postconviction claim based on entrapment defense where defendant had sufficiently alleged possible entrapment by CI acting as agent of the government).

Hill also asserted that he would not have purchased cocaine from the CI without the CI's urging and inducements.  While there are facts, known from trial, that cast doubt on Hill's lack of predisposition, a factual question about predisposition creates a question for the jury to resolve in deciding the entrapment defense.  See § 777.201(2) ("The issue of entrapment shall be tried by the trier of fact."); Smith v. State, 320 So. 2d 420, 422 (Fla. 2d DCA 1975) ("[T]he issue of entrapment is a jury question, unless it is determined that the evidence is so clear and convincing that as a matter of law entrapment has been conclusively established.").

Hill, having made a preliminary showing that the CI "was more than a mere tipster but was the sole moving force in arranging the buy," the trial court was obliged to hold an in-camera hearing to determine whether the informant's testimony would assist Hill in proving his entrapment defense.  See Munford v. State, 343 So. 2d 67, 69 (Fla. 2d DCA 1977), quashed on other grounds, 357 So. 2d 706 (Fla. 1978); see

also Smith v. State, 318 So. 2d 506, 507 (Fla. 2d DCA 1975) (finding reversible error in trial court's refusal to allow defense to develop CI's identity when State's evidence showed that CI "arranged the whole affair" and rejecting dissenting opinion's contention that defendant's knowledge of CI's identity rendered error harmless given that ruling prevented defense from establishing that known witness was police informant); English, 301 So. 2d at 814 ("For aught appears the testimony of the confidential informant might very well have corroborated the appellant's contention that he was reluctant to make the sale and did so only after repeated request had been made upon him by the confidential informant and the undercover agent and that he sold the marijuana only to get rid of both of them.").

We reverse the judgment and sentence and remand for an in-camera hearing on Hill's motion to compel disclosure of the confidential informant's identity. A new trial will be required if the court determines, after the hearing, that the CI's identity should be disclosed. If the court determines that disclosure is not necessary because the CI's testimony would not assist Hill's defense, then the court shall reinstate the judgment and sentence.

Reversed and remanded with directions.


VILLANTI, C.J., and BLACK, J., Concur.